**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ANTHONY GLENN ANDERSON, | : : : : : : : : : : | Civil Action No. 14-1411(NLH) |
| Plaintiff, | | |
| v. | | **OPINION** |
| USA, | | |
| Defendant. | | |

APPEARANCES:

Anthony Glenn Anderson
Low Federal Correctional Institution
P.O. Box 9000
Forrest City, AR  72336-9000
    Plaintiff pro se

J. Andrew Ruymann
Assistant U.S. Attorney
402 East State Street, Room 430
Trenton, NJ  08608
    Counsel for Defendant

**HILLMAN**, District Judge

    This matter is presently before the Court pursuant to the submission of a Motion [18] to dismiss, for lack of jurisdiction, by the Defendant United States of America.

    For the reasons state below, the Motion will be granted.

I.   BACKGROUND

This matter was originally opened to the Court by the transfer of Plaintiff Anthony Glenn Anderson's Complaint [1], pursuant to the Federal Tort Claims Act, which was originally filed in the U.S. District Court for the Eastern District of Arkansas.  In that Complaint, Plaintiff alleged that he had advised certain corrections officers at the Federal Correctional Institution at Fort Dix, New Jersey, that "he was being pressured to either pay for protection from reprisals because of the nature of the charges that resulted in the Plaintiff's imprisonment, or else submit to sexual acts on his person." (Complaint, ¶ 4.)  Plaintiff alleges that the corrections officers responded that Plaintiff was simply nervous from being incarcerated for the first time and that they failed to take any measures to protect him.  Plaintiff alleges that on May 19, 2011, he was attacked by five inmates who sexually assaulted him with a broom handle.

The Defendant United States of America has moved to dismiss, for lack of jurisdiction, on the grounds that Plaintiff's claim of negligence is barred by the discretionary function exception to the Federal Tort Claims Act ("FTCA"). Plaintiff has not filed any opposition to the Motion.

This Court has considered the Motion, and Defendant's supporting submission, and will decide it on the papers, pursuant to Federal Rule of Civil Procedure 78(b).

## II.   JURISDICTIONAL ANALYSIS

Plaintiff asserts that the United States is liable under the FTCA for its officers' failure to provide an adequate level of safety for him, as evidenced by their failure to protect him from assault by other inmates after he advised them of threats.

The United States has sovereign immunity except where it consents to be sued.  U.S. v. Bormes, 133 S.Ct. 12, 16 (2012); United States v. Mitchell, 463 U.S. 206, 212 (1983).  In the absence of such a waiver of immunity, Plaintiff cannot proceed in an action for damages against the United States.  See FDIC v. Meyer, 510 U.S. 471, 484-87 (1994).  Moreover, the terms of the government's waiver of immunity in any court, "'define that court's jurisdiction to entertain the suit.'"  See U.S. v. Dalm, 494 U.S. 596, 608 (1990) (citations omitted).

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq., constitutes a limited waiver of the sovereign immunity of the United States.  28 U.S.C. § 2679(b)(1); White-Squire v. U.S. Postal Service, 592 F.3d 453, 456 (3d Cir. 2010).  The Federal Tort Claims Act gives a federal district court exclusive jurisdiction over civil actions:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, ... [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995) (quoting 28 U.S.C. § 1346(b)); see also CAN v. U.S., 535 F.3d 132, 141 (3d Cir. 2008) (quoting FDIC v. Meyer, 510 U.S. 471, 477 (1994)); United States v. Muniz, 374 U.S. 150 (1963).

Claims under the FTCA are governed by the substantive tort law of the state where the acts or omissions occurred, here, New Jersey.  See FDIC v. Meyer, 510 U.S. 471, 477-78 (1994); Richards v. United States, 369 U.S. 1, 6 (1962); Webb v. Desan, 250 F. App'x 468 (3d Cir. 2007); Ciccarone v. United States, 486 F.2d 253, 257 (3d Cir. 1973); Shuster v. Cabanas, Civil Action No. 11-1764, 2013 WL 3783891, *4 (D.N.J. July 19, 2013).

The FTCA, however, does not encompass all torts committed by federal government employees.  Rather, the "discretionary function" exception provides that the provisions of the FTCA shall not apply to any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."  28 U.S.C. § 2680(a).  To determine whether

4

the discretionary function exception applies, a court must determine (1) "whether the act involves an 'element of judgment or choice,'" and (2), if so, "'whether that judgment is of the kind that the discretionary function exception was designed to shield.'"  Mitchell v. U.S., 225 F.3d 361 (3d Cir. 2000) (quoting U.S. v. Gaubert, 499 U.S. 315, 322 (1991)).  More specifically, with respect to the first requirement, an act involves judgment or choice if there is no "'federal statute, regulation, or policy specifically prescrib[ing] a course of action for an employee to follow.'"  Cestonaro v. United States, 211 F.3d 749, 753 (3d Cir. 2000) (citation omitted).  With respect to the second requirement, the discretionary function exception "protects only governmental actions and decisions based on considerations of public policy."  Berkovitz v. U.S., 486 U.S. 531, 537 (1988).  See generally S.R.P. ex rel. Abunabba v. U.S., 676 F.3d 329 (3d Cir. 2012).  "It is presumed that an agent's acts are grounded in policy when exercising discretion, but this presumption can be rebutted."  Gray v. U.S., 486 F. App'x 975, 977 (3d Cir. 2012) (citing S.R.P., 969 F.3d at 336).

   While federal law requires the Bureau of Prisons to "provide for the safekeeping, care, and subsistence" of all persons within its custody, 18 U.S.C. § 4042(a)(2), the statute leaves the implementation of these duties to BOP officials' discretion.  See Cohen v. United States, 151 F.3d 1338, 1342

(11th Cir. 1998), cited in Thrower v. U.S., 528 F. App'x 108, 111 (3d Cir. 2013) and Rinaldi v. U.S., 460 F. App'x 80, 81-82 (3d Cir. 2012).

Here, the conduct at issue is the correctional officers' failure to respond to Petitioner's reports of threats to his safety.  Plaintiff has pointed to no federal statute, regulation, or policy prescribing a specific course of action to be followed when a prisoner reports threats from another inmate.  Accordingly, the discretionary function exception applies, and the Motion to dismiss for lack of jurisdiction will be granted. Cf., e.g., Thrower v. United States, 528 F. App'x 108, 111 (3d Cir. 2013); Donaldson v. United States, 281 F. App'x 75, 77-78 (3d Cir. 2008); Smith v. United States, Civil Action No. 08-2806, 2009 WL 2059421 (D.N.J. July 7, 2009).

### III.  CONCLUSION

For the reasons set forth above, the Motion to dismiss will be granted.  An appropriate order follows.

At Camden, New Jersey                s/ Noel L. Hillman
                                     Noel L. Hillman
                                     United States District Judge

Dated: January 7, 2015